# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **Miguez** | **Civil Action No. 6: 16-cv-00213** |
| versus | **Judge Rebecca F. Doherty** |
| **Ackal, et al** | **Magistrate Judge Carol B. Whitehurst** |

## REPORT AND RECOMMENDATION

Pending before the Court are two *unopposed* Motions to Dismiss filed by Defendants, Quinton Addcock, individually and in his official capacity as Police Liaison of the City of New Iberia, Hilda Daigre Curry, individually and in her official capacity as Mayor of the City of New Iberia [Rec. Doc. 18, 35] and an *unopposed* Motion to Dismiss filed by Defendant, Louis Ackal, Sheriff of Iberia Parish [Rec. Doc. 50], as well as a Voluntary Motion to Dismiss filed by Plaintiff, Rodney Jude Miguez [Rec. Doc. 52]. For the reasons that follow the Court will recommend that Defendants' Motions be granted and Plaintiff's Motion be denied. Also, due to Plaintiff's repeated failure to comply with the Orders of this Court, the Court recommends that this action be dismissed with prejudice.

## I. Background

Plaintiff, Rodney Jude Miguez, filed this action in proper person, *pro se*, under 42 U.S.C. § 1983, on February 12, 2016. Plaintiff named as defendants Louis Ackal, Sheriff of Iberia Parish, Quinton Addcock, individually and in his official capacity

as Police Liaison of the City of New Iberia, Hilda Daigre Curry, individually and in her official capacity as Mayor of the City of New Iberia.[1] *R. 1*. Plaintiff alleged the defendants violated his Fourth and Fourteenth Amendment rights under § 1983 when he was falsely arrested and incarcerated as a result of some un-described conspiracy between Mayor Curry and Addcock. *Id.* Plaintiff further claimed he was slandered based on Mayor Curry and Addcock's alleged actions. *Id.* Plaintiff alleged a claim against Sheriff Ackal for failure to adequately train and/or supervise. Plaintiff alleged the violations against him occurred on November 24, 2015.[2] *Id.*

On June 6, 2016, Plaintiff filed a motion to enroll counsel, Edward Moses Jr., which the Court granted on June 7, 2016. *R. 9*. Defendants, Addcock and Mayor Curry filed a motion to dismiss based on prescription and for failure to state a claim against them pursuant to Rule 12(b)(6), on August 22, 2016. *R. 18*. Prior to Plaintiff filing any opposition to the motion to dismiss, Plaintiff filed a motion to amend the Complaint adding a § 1985 claim. *R. 27, ¶ 25.*[3] The Court granted Plaintiff's motion

---

[1] Plaintiff failed to serve the other named defendants despite an extension granted by this Court. *R. 8*.

[2] While Plaintiff alleged in his original Complaint that the violaitons occured on November 24, 2010, the Affidavit of Arrest filed in the Record indicates the arrest was made on November 25, 2010. The Court notes that the one day difference does not affect the Court analysis.

[3] Plaintiff did not add any allegations in support of his § 1985 claim.

2

to amend the complaint and ordered the defendants to file any motion in reference to the amended complaint by November 15, 2016. *R. 32*. The defendants timely filed a second motion to dismiss the amended complaint which continued to assert prescription and failure to state a claim against them as to all of Plaintiff's claims. *R. 35*. Plaintiff failed to file any opposition to either the first or the second motion to dismiss.

On January 20, 2017, this Court held a hearing on Attorney Moses' motion to withdraw as Plaintiff's counsel based on his termination, *R. 44*. Plaintiff and Attorney Moses as well as the defendants' counsel attended the hearing. *R. 47*. The Court granted Attorney Moses' motion to withdraw as Plaintiff's counsel of record. *R. 48*. In the hearing, the Court ordered Plaintiff that he had "thirty (30) days to either retain and enroll counsel or notify the Court that he is unable to retain counsel and will either proceed *pro se* or voluntarily dismiss this action." *R. 47*.

On March 1, 2017, having been advised that Plaintiff failed to comply with its January 20, 2017 order, the Court issued an order scheduling an in-person show cause hearing on March 16, 2017. *R. 49*. The Court instructed, "**Plaintiff is required to attend the hearing** and to show cause why this case should not be DISMISSED WITH PREJUDICE for his failure to comply with the Court's order." *Id.* The Court ordered the Clerk of Court to serve Plaintiff with a copy of the Order, via certified

mail, return receipt requested, at the address he supplied to the Court.

On March 13, 2017, defendant Ackal filed a motion to dismiss Plaintiff's claims against him asserting prescription of the § 1983 and § 1985 claims as well as his state law slander claim. *R. 50*. Also on March 13, 2017, correspondence from Plaintiff to Judge Doherty was entered into the record as a Voluntary Motion to Dismiss. *R. 52.* In his motion, Plaintiff stated that he was "left with know[sic] choice but to dismiss this action." *Id.* Plaintiff also requested that Judge Doherty allow him to re-file and proceed with his case in the event he found an attorney—in essence, requesting that this action be dismissed without prejudice. *Id.*

On March 23, 2017, the Court entered an order allowing Plaintiff until April 6, 2017 to file any opposition to the defendants motions to dismiss [Rec. Doc. 18, 35, and 50], stating that "Defendants have informed the Court that they oppose any dismissal of this action without prejudice and seek ruling on their pending motions to dismiss." *R. 55*. The Court further advised Plaintiff, "**Opposition to these motions must be filed timely or the motion will be considered unopposed**." *Id.* The Court again ordered that the Clerk of Court serve Plaintiff with the order via Certified Mail, return receipt requested, at the address he supplied to the Court. *Id.* The record indicates that the orders sent via certified mail to Plaintiff by the Clerk of Court, *R. 49 and R. 55*, were returned undeliverable. *R. 56, 57.*

In light of the aforesaid history and the record of this action, the Court will address Plaintiff's failure to comply with the Court's orders as well the Defendants' Motions to Dismiss, as follows.

## II. Law and Analysis

### *1. Failure to Comply with the Court's Orders*

Federal Rule of Civil Procedure 16(f)(1) provides for the imposition of sanctions, including sanctions authorized under Rule 37(b)(2)(A)(i)-(vii), if a party fails to obey a discovery/scheduling order. Relatedly, Rule 37(d) provides for sanctions under Rule 37(b)(2)(A)(i)-(vii) if a party fails to attend his own deposition, fails to answer interrogatories, or fails to respond to a request for inspection. Rule 37(b)(2)(A)(v) specifically includes in such sanctions, "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(ii)(iii)(v).

Dismissal is authorized in whole or in part when the failure to comply with the court's order results from wilfulness or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply. *PHI, Inc. v. Office & Professional Employees Intern. Union*, 2009 WL 1658040, at *3 (W.D.La.,2009) (citing *Batson v. Neal Spence Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985)). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full

understanding of discovery obligations coupled with a bad faith refusal to comply. *Id.* (citing *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir.1977)). Dismissal is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Id.* (citing *Batson,* 765 F.2d at 514). Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id.* Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id.*

In addition, "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court. *See* Fed.R.Civ.P. 41(b)[4]; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)." *Beard v. Experian Information Solutions Inc.*, 214 Fed.Appx. 459, 462, 2007 WL 178109, at *2 (5th Cir. 2007). "Pro se litigants are not exempt from compliance with the rules of procedure." *Id.* (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)). Thus, regardless of whether an individual represents himself, all parties have the

---

[4] Fed.R.Civ.P. 41(b) states in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court may also dismiss a case on its own motion. *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242–43 (5th Cir. 1993).

responsibility to comply with court orders. While dismissal under either rule is a harsh sanction, it is nonetheless appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts. *Lopez*, 570 F.2d at 544.

The Fifth Circuit has made clear "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992), (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985)). Thus, the Fifth Circuit has limited the court's discretion in dismissing cases with prejudice. *Berry*, 975 F.2d at 1191, citing *Price*, 792 F.2d at 474. The Fifth Circuit affirms dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191. Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual

7

prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

Here, Plaintiff's delaying actions were taken when he was *pro se*, thus he had no counsel to blame for the delays. *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, *1 (5th Cir. 2011). The record reflects that Plaintiff repeatedly failed to comply with the Court's orders, even after several chances to comply, including the following: (1) Plaintiff's failure to advise the Court by February 20, 2017 (thirty days from the January 20, hearing date) that he had retained counsel or would proceed *pro se*; (2) Plaintiff's failure to file any response/opposition to the motions to dismiss as ordered by the Court on March 23, 2017; (3) Plaintiff's failure to accept Certified Mail and/or keep the Court apprised of his correct address as required by the Court's Local Rules. Additionally, after Plaintiff's counsel withdrew, the Court declined to take any action against Plaintiff in this matter for four months. Despite the Court's repeated and express warning that Plaintiff's failure to comply with the orders of this Court would result in dismissal of his claims, Plaintiff continued to ignore the Court's orders.

Thus, after consideration of the record, this Court concludes that the delay in this case has been occasioned by Plaintiff himself and not by an attorney, and the delay caused by Plaintiff has actually prejudiced Defendant. This case has been pending for

well over a year and Plaintiff has utterly and completely failed to prosecute his case. Thus, the Court concludes this case should be dismissed with prejudice under Rule 37(d) for Plaintiff's repeated failures to comply with Court orders.

For similar reasons, dismissal under Rules 41(b) and 16(f) are also warranted. A dismissal under these rules should normally be accompanied by at least one of the following three aggravating circumstances: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *PHI*, 2009 WL 1658040 at *4. Although only one of these circumstances is needed, all three exist in this case as analyzed above. The Court further concludes this case should be dismissed with prejudice under Rules 41(b) and 16(f).

## 2. Motions to Dismiss

Defendants, Mayor Curry and Addcock's and Sheriff Ackal's, motions to dismiss all of Plaintiff's claims are based on prescription as well as failure to state a claim against them under Rule 12(b)(6). Because all defendants have filed motions to dismiss asserting that Plaintiff's § 1983 and § 1985 claims as well as his claims under Louisiana state law have prescribed, the undersigned will first address the prescription issue.

Although §§ 1983 and 1985 do not contain a federal statute of limitations,

courts reviewing these claims apply the forum state's personal injury limitations period.[5] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994). In Louisiana, that period (known as prescription) is one year. La. Civ.Code art. 3492; *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). However, federal law is used to determine when the claim arises. *Jacobsen* at 319. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir.1983). The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384 (2007).

Here, Plaintiff admits, and the record provides, that Plaintiff was arrested on November 24 or 25, 2010. *R. 1, 35-2, Affidavit Iberia Parish Sheriff's Dept.* Thus, plaintiff had one year from the date of his arrest within which to file a suit for false

---

[5] It is well settled that the "statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose." *Smith v. Humphrey*, 540 Fed.Appx. 348, 349 (5th Cir. 2013) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). Accordingly, the Court will refer only to "§ 1983" in the analysis.

arrest in violation of the Fourth Amendment. Thus, Plaintiff's claims accrued on November 25, 2011, at the latest. Plaintiff did not file his Complaint until February 12, 2016, nearly six years after his arrest.

Nor is there any issue of fact concerning what Plaintiff could have reasonably known of the violation or notice of facts while he was incarcerated. Plaintiff's inaction is not excused under the doctrine of *contra non valentem*. *See Restrepo v. Fortunato*, 556 So.2d 1362 (La. App. 5 Cir.), *writ denied*, 560 So.2d 11 (La.1990) (Where a claim has prescribed on its face and plaintiff relies upon suspension of prescription, plaintiff bears burden of establishing suspension. If the plaintiff was beaten by police, he had sufficient facts upon which to file a suit at that time; thus, plaintiff failed to prove prescription was suspended). The Fifth Circuit in *McGuire v. Larpenter* rejected the argument that imprisonment suspends or tolls the prescription period for § 1983 claims such as in this case under the doctrine of *contra non valentem*. *Id.,* 592 Fed. Appx. 272, 275 (5th Cir. 2014), (citing *Jackson v. Jefferson Parish Clerk of Court*, 981 So.2d 156 (La. App. 5th 2008) ("Jackson forecloses the possibility that contra non valentem suspends or tolls the prescription period for McGuire's § 1983 claims.").

Plaintiff's claims under Louisiana state law must be dismissed as a matter of law because all such claims are prescribed as well. As previously stated, prescription

11

begins to run the day the injury or damage is sustained. La. C.C. Art. 3492. A claim for false arrest arises the day the alleged false arrest occurs. *Murray v. Town of Mansura*, 940 So.2d 832 (La. App. 3 Cir. 9/27/06). Further, it is undisputed that a claim for false arrest or false imprisonment is an action in tort. *Alvarado v. Poche*, 819 So.2d 1150, 1152 (La.App. 3 Cir. 6/5/02); *Matthews v. City of Bossier City*, 963 So.2d 516, 518 (La.App. 2 Cir. 8/15/07). The same is true for a claim of failure to adequately train and/or supervise. *Carrier v. Grey Wolf Drilling Co.*, 776 So.2d 439, 441 (La. 2001); *Roberts v. Benoit*, 605 So.2d 1032, 1043 (La.,1991).

Here, Plaintiff's state law claims of false arrest prescribed on November 25, 2011 at the latest. Also, any claims of false imprisonment prescribed, according to the facts alleged in the Complaint, "approximately 11 months later" when he got out of jail. Just like plaintiff's state law claims of false arrest and incarceration, his state tort claims for slander prescribed one year from the date of the injury. La. C.C. Art. 3492. Slander is adelictual claim and is subject to the one year prescriptive period. *See Wiggins Creary*, 475 So.2d 780, 781 (La.App. 1 Cir.1985).

Thus, Plaintiff's Complaint, which was filed on February 2, 2016, was filed well beyond the expiration of the 1–year period of limitations and should therefore be dismissed with prejudice. *See, Roberts v. Wal-Mart Louisiana LLC*, 2016 WL 6561523, at *5 (W.D.La., 2016).

## III. Conclusion

Based on the foregoing analysis, the under signed recommends that the Court GRANT the unopposed Motions To Dismiss filed by Defendants Addcock, Mayor Curry and Sheriff Ackal [Rec. Doc. 18, 35, 50]; DENY the Voluntary Motion To Dismiss filed by Plaintiff [Rec. Doc. 52]; and DISMISS WITH PREJUDICE Plaintiff, Rodney Jude Miguez's, claims under 42 U.S.C. § 1983 and Louisiana state law as prescribed.

Further, given Plaintiff's violations and apparent refusal to conform with the Court orders, the undersigned also recommends dismissal of this lawsuit pursuant to Rules 37(d), 41(b) and/or 16(f) of the Federal Rules of Civil Procedure with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 22nd day of May, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE